IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CYNTHIA STONEY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-82 |
| | § | |
| **PETE GEREN, Secretary,** | § | |
| **Department of the Army,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending Before the Court is Defendant's, Pete Geren, Secretary of the Army, Motion to Transfer Venue (Dkt. #5). Having considered the motion, response, the record and the relevant law, the Court is of the opinion that the motion should be GRANTED.

### Background

This is an employment discrimination case in which Cynthia Stoney ("Stoney") claims she was denied a supervisory position because of her race.

On January 14, 2008, the Court conducted a telephone conference wherein all parties participated. During the discussion, both parties represented that they were not aware of any witnesses located in the Victoria area. It was further represented that Stoney resides in Corpus Christi and that the panel members involved in the hiring decision at issue are located in Corpus Christi.

### Discussion

It is undisputed that venue is proper in the Southern District of Texas. Defendant

presently seeks to transfer this case under 28 U.S.C. § 1404(a) ("Section 1404(a)") to the Corpus Christi Division. Section 1404(a) provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Whether a Section 1404(a) transfer is proper is committed to the sound discretion of the trial court, which determines a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F.Supp.2d at 829 (citing *Stewart Org., Inc v. Recoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

     When determining whether a case should be transferred to another division within the same district, the court should consider the following private interest factors: "the availability and convenience of witnesses and parties; the location of counsel; the location of evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the traditional deference accorded plaintiff's choice of forum." *Lowery v. University of Houston-Clear Lake,* 50 F.Supp.2d 648, 649 (S.D. Tex. 1999); *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749

2

(S.D. Tex. 1994).  The court should also consider the public's interest in the "fair and efficient administration of the judicial system." *Houston Trial Reports, Inc. v. LRP Pbl'ns, Inc.*, 85 F.Supp.2d 663, 668 (S.D. Tex. 1999).

A balancing of the factors in this case warrants transfer to the Corpus Christi Division. The availability and convenience of witnesses and parties weighs in favor of transfer because all parties and witnesses are located in the Corpus Christi area.  Therefore, the cost of obtaining attendance of witnesses and other trial expenses also weighs in favor of transfer.  Simliarly, although entitled to little weight, the location of counsel weighs in favor of transfer because counsel is located in Corpus Christi.  The location of evidence does not weigh for or against transfer because the parties concede that discovery is not geographically burdensome.  The place of the alleged wrong is located in Corpus Christi and therefore weighs in favor of transfer.  The possibility of delay and prejudice if transfer is granted does not weigh for or against transfer. The Victoria Division and Corpus Christi Division are equally congested.  Lastly, Stoney's choice of forum does not weigh in favor of transfer.  Where the plaintiff is not from the forum it has chosen, the plaintiff's choice is given less deference.  *Miller v. Kevin Gros Marine, Inc.*, 2006 WL 1061919, *3 (S.D. Tex. April 20, 2006)(citing *Robertson v. M/V Cape Hunter*, 979 F.Supp. 1105, 1108 (S.D. Tex. 1997)).  Stoney resides in the transferee forum.  Furthermore, in considering the deference to be given to a plaintiff's choice of forum, the Fifth Circuit has explained that "[w]hen the transferee forum is clearly more convenient, a transfer should be ordered." *In Re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007).  After considering all of these factors, the Court finds the Corpus Christi Division is clearly more

convenient and that Defendant has carried his burden in demonstrating that transfer is warranted.

## Conclusion

Defendant's, Pete Geren, Secretary of the Army, Motion to Transfer Venue (Dkt. #5) is hereby GRANTED. This case is hereby TRANSFERRED to the Corpus Christi Division.

So ORDERED this 24th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE